```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  CAROLYN K. DELANEY
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California  95814
 4  Telephone: (916) 554-2798
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>JAMES BROWN,<br><br>       Defendant. | 2:10-CR-00361-LKK<br><br>PRELIMINARY ORDER OF FORFEITURE |

Based upon the plea agreement entered into between plaintiff United States of America and defendant James Brown, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), defendant James Brown's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

    a. Credit or debit cards in various names;
    b. Cash counting machines;
    c. Desktop and laptop computers;
    d. GPS devices;
    e. Magnetic stripe readers(skimmers);
    f. Magnetic stripe reader/writers (re-encoders);
    g. Electronic storage media;
    h. White plastic, re-encoded credit cards, debit cards;
    i. Cell phones;

j. BMW 745Li Sedan, California license plate 6LFS240,
                       VIN WBAGN63443DR12061; and
                    k. Approximately $11,697 in United States currency.
In addition, defendant James Brown agreed that as part of his sentence the Court may, pursuant to Fed. R. Crim. P. 32.2(b), order a forfeiture money judgment in the amount up to $595,120, less any forfeited funds.  To the extent that the United States realizes any sums from the forfeiture of assets specified in this preliminary order of forfeiture, the sum of the $595,120 money judgment shall be reduced accordingly.  Defendant James Brown shall be jointly and severally liable on the money judgment with defendants Jose D. Holmes, Lonell Lindsey, and Deanna Williams.

    2.  Assets a-j listed above constitute personal property used or intended to be used to commit a violation of 18 U.S.C. § 1029(b)(2).  Asset k listed above constitutes or is derived from proceeds obtained directly or indirectly as a result of a violation of 18 U.S.C. § 1029(b)(2).

    3.  Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-listed property.  The aforementioned property shall be seized and held by the U.S. Secret Service, in its secure custody and control.

    4.  a.  Pursuant to 18 U.S.C. § 982(b)(1), 18 U.S.C. § 1029(c)(2), and Local Rule 171, the United States shall publish notice of the order of forfeiture.  Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site [www.forfeiture.gov](www.forfeiture.gov).  The United States may also, to the extent

practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

        b. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from receipt of direct written notice, whichever is earlier.

    5. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), in which all interests will be addressed.

    SO ORDERED this 28th day of July, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT